# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.** |
| v. | **GRAND JURY ORIGINAL** |
| **MATTHEW NORMAN BALLEK,** | **VIOLATIONS:** |
| Defendant. | 18 U.S.C. § 2252(a)(2), (b)(1) (Distribution of Child Pornography) |
| | **FILED UNDER SEAL** |

## UNITED STATES' MOTION TO SEAL INDICTMENT AND RELATED MATERIALS

The United States of America, by and through its undersigned counsel, respectfully moves for an order to place and maintain the Indictment under seal until the arrest warrant is executed. The United States further requests that the Court seal this Motion to Seal, the proposed Order attached to this Motion, and any Order granting this Motion. In support thereof, the United States respectfully submits:

1. The defendant, Matthew Norman Ballek, is currently in the community and has not been made aware that he has been indicted and that the government is seeking to arrest and prosecute him. The public disclosure of the government's prosecution could thus result in the defendant's flight from prosecution before his arrest.

2. As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to court proceedings. But this presumption is overcome where "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Id.* at 290.

3.      In this matter, the United States has a compelling interest in ensuring that the defendant does not learn of this prosecution before there is an opportunity to arrest him. A limited sealing order ensuring that filings including the Indictment are not accessible to the public—only until his arrest—is narrowly tailored to serve this interest.

4.      Furthermore, the United States respectfully submits that complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal, or a resulting sealing order, means that the defendant has been charged with a crime and that the government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Indictment.

**WHEREFORE,** the United States respectfully requests that this Court issue an Order directing the Clerk of Court to place and maintain the Indictment under seal until execution of the arrest warrant. The United States further requests that the Court seal this Motion to Seal, the proposed Order attached to this Motion, and any Order granting this Motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

Dated: February 1, 2024        By:     */s/ Paul V. Courtney*
Paul V. Courtney
D.C. Bar No. 1034252 / N.Y. Bar No. 5392337
Assistant United States Attorney
United States Attorney's Office
for the District of Columbia
601 D Street NW
Washington, D.C. 20530
(202) 252-1719
paul.courtney@usdoj.gov