UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW NORMAN BALLEK,<br><br>Defendant. | Case No. 24-CR-61 (RBW) |

**STATEMENT OF OFFENSE IN SUPPORT OF
DEFENDANT MATTHEW NORMAN BALLEK'S PLEA OF GUILTY**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits the following Statement of Offense in Support of Defendant Matthew Norman Ballek's Plea of Guilty to Count One of the Information charging him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2).

**I.     The Penalties**

A violation of 18 U.S.C. § 2252(a)(4)(B) carries a maximum sentence of 20 years' imprisonment, pursuant to 18 U.S.C. § 2252(b)(2), a fine of not more than $250,000, pursuant to 18 U.S.C. § 3571(b)(3), or both; a term of supervised release of not less than five years up to life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 3663A and 18 U.S.C. § 2259; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

**II.    The Elements of the Offense**

To prove that the defendant is guilty of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2), the government must prove beyond a reasonable doubt that:

(1) The defendant knowingly possessed one or more matters containing a visual depiction;

(2) The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

(3) The visual depiction was of a minor engaging in sexually explicit conduct;

(4) The defendant knew the visual depiction involved a minor engaging in sexually explicit conduct;

(5) The visual depictions had been transported using any means or facility of interstate commerce or in and affecting interstate commerce; and

(6) Any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age.

### III. Factual Proffer

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything the defendant said, is it a recitation of all that the defendant said or did.

Leading up to January 23, 2024, a member of the FBI Washington Field Office's Child Exploitation and Human Trafficking Task Force was working in an undercover capacity from an office located in the District of Columbia. In that capacity, the undercover agent was monitoring an online application that is geared toward gay and adult [handwritten: bisexual] men looking to engage in sexual activity. The application allows users to post messages in a public chat room that is visible to online users and also allows users to message each other privately. While many users of the application are looking for consensual, adult sexual relationships, a subset of its users is known to be interested in the sexual exploitation of children and in discussing and trading child sex abuse material.

On January 23, 2024, the undercover agent posted a message in the application's public chat room that stated he was interested in "no limits taboo." "No limits" and "taboo" are terms

commonly used by individuals with illicit sexual proclivities, including an interest in child pornography. A user of the application, later identified as the defendant, Matthew Norman Ballek, sent the undercover agent a private message. The conversation then moved to the messaging application Telegram, and the defendant and the undercover agent communicated through a private, end-to-end encrypted "secret chat."

During the conversation on Telegram, the defendant sent the undercover agent three videos, all of which depict adult men engaged in sexually explicit conduct with prepubescent minor boys. The first video is approximately 36 seconds long and depicts an adult male digitally penetrating a toddler boy's anus. The second video is approximately 48 seconds long and depicts an adult male penetrating a toddler boy's anus with his erect penis. The third video is approximately 36 seconds long and depicts an adult male inserting his erect penis in the anus or buttocks of a prepubescent boy.

On February 7, 2024, law enforcement arrested the defendant at his apartment in the District of Columbia and searched the apartment pursuant to a lawfully issued warrant. Among the evidence seized during the search was the defendant's Samsung Galaxy S23 Ultra cellphone bearing IMEI 358835963072563. The FBI forensically examined the defendant's cellphone pursuant to the warrant and determined that it contained 10 unique videos and at least 21 unique still images that constitute child pornography as that term is defined by federal law.

Respectfully submitted,

*Paul V Courtney*
_____
Paul V. Courtney
Karen L. Shinskie
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I, Matthew Norman Ballek, have read every page of this factual proffer and have discussed it with my attorney, Brandi J. Harden, Esq. I agree to it and acknowledge that everything in this statement is true and correct. I do this voluntarily and of my own free will.

Date: 10/2/24

_____
Matthew Norman Ballek
Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I, Brandi J. Harden, Esq., have read every page of this factual proffer, reviewed and discussed it with my client, Matthew Norman Ballek, and have no reason to disagree with my client's desire to plead guilty as set forth in the plea agreement and proffer.

Date: 10/2/24

_____
Brandi J. Harden, Esq.
Attorney for Defendant Matthew Norman Ballek